UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MAYRA DE ARMAS,**

    Plaintiff,

v.                                                Case No.:_____

**CIRCLE K STORES, INC.,**

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Circle K Stores, Inc. ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby gives its notice of removal of the case styled *Mayra De Armas v. Circle K Stores, Inc.*, Case No.: 2021-016662-CA-01, pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, (the "State Court Action"), to the United States District Court for the Southern District of Florida, Miami Division. As grounds, Defendant states as follows:

1.  This State Court Action is being removed to federal court based upon diversity of citizenship jurisdiction under 28 U.S.C. §1332, and is removable under 28 U.S.C. §1441.

2.  On or about July 6, 2021, Mayra De Armas ("Plaintiff") filed her Complaint in the State Court Action. The Summons and Complaint were served on Defendant's registered agent on July 27, 2021. A true and correct copy of the Summons and Complaint filed by Plaintiff is attached to this Notice as **Exhibit "A"**.

3.  Plaintiff named Defendant as the sole defendant and alleged violations of the Florida Civil Rights Act, Fla. Stat. §§760.10, *et seq.* ("FCRA").

4. A true and legible copy of any and all processes, pleadings, motions, and orders, filed in the State Court Action, obtained by Defendant, are attached to this Notice of Removal as required by 28 U.S.C. §1446(a). *See* **Exhibit "B"**. This constitutes all processes, pleadings, and orders served in the State Court Action to date.

5. Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within 30 days after service of summons upon it.

6. A true copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court in and for Miami-Dade County, Florida, as required by law, which is attached hereto as **Exhibit "C"**.

7. Written notice of the filing of Notice of Removal to federal court is being provided to Plaintiff herewith, as required by 28 U.S.C. § 1446(d).

8. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as this is the district and division embracing the place where the State Court Action is pending. Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b).

## JURISDICTION

9. This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1332(a). This action may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441, in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, the facts supporting diversity jurisdiction and other jurisdiction are as follows.

    **A. There is Complete Diversity of Citizenship.**

10. For an individual, "[c]itizenship is equivalent to 'domicile' . . . [which is] the place of his true, fixed, and permanent home and principal establishment, and to which he has

the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted).

11. Plaintiff is a resident and citizen of the State of Florida. (Compl. ¶3). As a resident of Florida, Plaintiff is domiciled in, and therefore a citizen of, the State of Florida. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (holding that an assertion of permanent residency sufficiently alleges domicile).

12. Defendant is not a citizen of the State of Florida within the meaning of 28 U.S.C. §1332(c)(1). Circle K Stores, Inc., is a corporation incorporated or organized in Texas, with its principle place of business – its corporate headquarters - in Tempe, Arizona. (*See* Declaration of Clark Gryglewicz at ¶2, attached hereto as **Exhibit "D"**). According to the United States Supreme Court's test, set forth in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), a corporation's principal place of business is where a corporation's officers direct, control, and coordinate the corporation's activities, sometimes referred to as the corporation's "nerve center." *Id*. at 93. In practice, the "nerve center" is normally where the corporation maintains its headquarters. *Id.* Here, Defendant's "nerve center" is located where its corporate headquarters are, in Tempe, Arizona.

13. As Defendant is a citizen of a state other than Florida and Plaintiff is a citizen of Florida, complete diversity of citizenship exists between the parties.

    B.    **The Amount in Controversy Exceeds $75,000.**

14. Plaintiff has brought claims for violation of the Florida Civil Rights Act, Fla. Stat. §§760.10, *et seq.* ("FCRA"), alleging (I.) national origin discrimination, (II.) race discrimination, and (III.) disability discrimination under the FCRA.

15. Plaintiff has alleged damages in excess of $75,000. Specifically, Plaintiff seeks

3

compensation for:

    a. Back pay;

    b. Benefits' adjustment;

    c. Front pay;

    d. Damages for mental anguish, personal suffering, and loss of enjoyment of life;

    e. Pre- and post-judgment interest;

    f. Attorneys' fees and costs;

    g. "[S]uch other relief as the Court deems just and proper."

(Compl. Prayer for Relief, pp. 6-7,8-9,10-11).

16. Plaintiff alleges these damages are continuing. (Compl. ¶¶49, 60, 71).

17. Taken together, while undefined, it is clear from the face of the Complaint and allegations pled that the amount in controversy for the claims exceeds $75,000.00.

18. "If the plaintiff has not pleaded a specific amount in damages, the removing defendant bears the burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement." *AAA Abachman Enter., Inc. v. Stanley Steemer Int'l, Inc.,* No. 07-14102, 2008 WL 624040 at *2 (11th Cir. March 10, 2008). However, the amount at issue for removal may not be susceptible to precise measurement. *See Bishop Clarkson Mem'l Hosp. v. Reserve Life Ins. Co.,* 350 F. 2d 1006, 1009 (8th Cir. 1965). In the instant case, the amount in controversy far exceeds the jurisdictional threshold necessary for removal.

19. Because Plaintiff has made an unspecified demand for damages, the Court may conclude, based upon the several bases upon which Plaintiff seeks significant damages in this action, that the amount in controversy will easily exceed $75,000.00. *See Burns v. Windsor Ins.*

*Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

20.     First, Plaintiff is seeking lost wages. "Florida courts have held that decisions construing Title VII are applicable when considering claims under [the Florida Civil Rights Act] because the Florida Act was patterned after Title VII." *Love v. N. Tool & Equip. Co.*, 2008 U.S. Dist. LEXIS 599110, at *3 (S.D. Fla. Aug. 1, 2008). "Under Title VII, a successful plaintiff is 'presumptively entitled to back pay,' which is calculated from the date of the adverse employment action until the date of the judgment." *Id*.

21.     Plaintiff filed her Complaint on July 6, 2021. On the date of the filing of the Complaint, Plaintiff was – and still is – a full time employee and earned an annual salary of approximately $54,971.28 per year, or $1,057.14 per week. (*See* **Exhibit "D"**, ¶3)  Assuming this case would proceed to trial approximately eighteen (18) months from now, Plaintiff's back pay damages from the date of the filing of the Complaint would total approximately $82,456.92 (78 weeks since the filing of the Complaint x $1,057.14 = $82,456.92).  This alone satisfies the amount in controversy threshold.

22.     Second, Plaintiff is seeking an award of front pay. Courts have considered a plaintiff's right to front pay when calculating the amount in controversy. *See, e.g., Love v. Northern Tool & Equipment Co., Inc.*, No. 08-20453, 2008 WL 2955124, at *4 (S.D. Fla. Aug. 1, 2008) (considering front pay in calculating amount in controversy for removal purposes); *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (valuing reinstatement or front pay for purposes of determining jurisdictional amount). Even one year of front pay (approximately $54,971.28) increases the amount in controversy well beyond the threshold.

23.     Third, Plaintiff alleges compensatory damages, which are considered in

5

determining the amount in controversy. "While it is difficult to quantify the value of these damages, for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *Hardman v. Zale Delaware, Inc*., 2017 U.S. Dist, LEXIS 27809, at *4 (S.D. Fla. Feb. 29, 2017) (quoting *Schmidt v. Pantry, Inc.*, No. 1:11-cv-228, 2012 WL 1313490, at *3 (N.D. Fla. March 6, 2012)). Jury verdict and settlement reports in employment discrimination cases where compensatory damages are awarded establish that successful plaintiffs routinely recover awards that would satisfy or exceed the jurisdictional threshold. *See, e.g., Tucker v. Hous. Auth.,* 229 Fed. Appx. 820 (11th Cir. 2007) (affirming jury award of compensatory damages for emotional distress in the amount of $100,000); *Stone v. GEICO General Ins. Co*., No. 8:05-cv-636, 2009 WL 3720954 (M.D. Fla. Nov. 5, 2009) (jury awarded $200,000.00 in compensatory damages for emotional pain and mental anguish); *Bernstein v. Sephora*, 182 F. Supp. 2d 1214 (S.D. Fla. 2002) (awarding Plaintiff compensatory damages award $75,000 for emotional pain and mental anguish). Based upon the foregoing jury verdicts and awards, Plaintiff's claim for compensatory damages places the amount in controversy well above $75,000.00.

24. Finally, Plaintiff seeks attorneys' fees and costs, which must be taken into account when calculating the amount in controversy. Indeed, when a statute, such as the Florida Civil Rights Act "authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265* (11th Cir. 2003); *see also Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (including prospective attorneys' fees in the amount in controversy) (citing *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)).

25. Because attorneys' fees in employment cases often exceed the jurisdictional

threshold of $75,000, there is no question that the amount in controversy has been satisfied in the instant case. *See, e.g.*, *Mock v. Bell Helicopter Textron, Inc.*, 2010 WL 5066121 (M.D. Fla. Sept. 2010) (awarding plaintiff $342,207.81 in attorneys' fees in discrimination case); *EEOC v. Enterprise Leasing Co., Inc.*, No. 8:00-cv-2012, 2003 WL 21659097, at *8 (M.D. Fla. May 16, 2003) (intervening attorney was awarded $77,165.00 for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar). Here, the Florida Civil Rights Act specifically states in its attorney's fees provision that a prevailing plaintiff may be awarded attorney's fees and that "this provision for attorney's fees be interpreted in a manner consistent with federal case law involving Title VII." Fla. Stat. §760.11.

26. Based on the claims alleged, the damages pled, and the statutory attorney's fees sought and incurred to date, it is more likely than not that Plaintiff's attorneys' fees, when added to Plaintiff's claims for lost wages, front pay, and compensatory damages, far exceed the jurisdictional threshold of $75,000.00 for purposes of diversity jurisdiction. *See Cowan v. Genesco, Inc.*, Case No. 3:14-cv-261-J-34JRK, 2014 WL 3417656, at *13 (M.D. Fla. July 14, 2014) (noting that the Eleventh Circuit encourages district courts to use "judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached.")

WHEREFORE, Defendant, Circle K Stores, Inc., respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove *Mayra De Armas v. Circle K Stores, Inc.*, Case No.: 2021-016662-CA-01, pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.

DATED this 16th day of August, 2021.

        Respectfully submitted,

        */s/ Vanessa Patel*
        Vanessa Patel; FBN: 103928
        vanessa.patel@ogletree.com
        Maja A. Hartzell; FBN: 1022333
        maja.hartzell@ogletree.com
        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.
        100 North Tampa Street, Suite 3600
        Tampa, FL 33602
        P: 813-289-1247; F: 813-289-6530

        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2021, the foregoing was electronically filed with the Court using the CM/ECF System, and a true and correct copy was also served via electronic mail to:

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, FL 33130
agp@rgpattorneys.com; agplitigation@rgpattorneys.com; mhorowitz@rgpattorneys.com

        *Attorneys for Plaintiff*

        */s/ Vanessa Patel*
        Attorney

        48121432.1

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MAYRA DE ARMAS

**DEFENDANTS**
CIRCLE K STORES, INC.

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Anthony M. Georges-Pierre/Max L. Horowitz - Remer & Georges-Pierre, PLLC, 44 W. Flagler St., #2200, Miami, FL 33130; tel. 305-416-5000

Attorneys *(If Known)*
Vanessa A. Patel/Maja A. Hartzell - Ogletree Deakins, 100 N. Tampa St., #3600, Tampa, FL 33602, tel. 813-289-1247

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 and 28 U.S.C. 1441

Brief description of cause:
Alleged race, national origin, and disability discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 8/16/2021
SIGNATURE OF ATTORNEY OF RECORD: /s/Vanessa A. Patel

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-016662 CA 01

MAYRA DE ARMAS,
    Plaintiff,

vs.

CIRCLE K STORES, INC.,
a Foreign Profit Corporation,
    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** CIRCLE K STORES, INC., through its Registered Agent:

    CORPORATION SERVICE COMPANY
    1201 HAYS STREET
    TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

    Harvey Ruvin,
    Clerk of Courts        7/19/2021
_____
CLERK                                  DATE



_____38084_____
(BY) DEPUTY CLERK