IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-016662 CA 01

MAYRA DE ARMAS,
    Plaintiff,

vs.

CIRCLE K STORES, INC.,
a Foreign Profit Corporation,
    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** CIRCLE K STORES, INC., through its Registered Agent:

    CORPORATION SERVICE COMPANY
    1201 HAYS STREET
    TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

| Harvey Ruvin, Clerk of Courts | 7/19/2021 |
|---|---|
| CLERK | DATE |

_____ 38084
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: _____

MAYRA DE ARMAS,
    Plaintiff,

vs.

CIRCLE K STORES, INC.,
a Foreign Profit Corporation,
    Defendant.
_____/

## COMPLAINT

Plaintiff, MAYRA DE ARMAS ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, CIRCLE K STORES, INC. ("Defendant") and in support states as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff; and for Defendant's unlawful.

2. Plaintiff is a Cuban Hispanic female within a class of individuals protected by the FCRA.

3. Plaintiff was and continues to be, a resident of Miami-Dade County, Florida; and was an employee of Defendant, performing duties as qualified personnel for the Defendant, within a company operated business facility, located in Miami-Dade County, Florida.

4. Defendant is a Foreign Profit Corporation, duly authorized to conduct business in the State of Florida and Miami-Dade County, Florida.

5. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

7. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

8. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

9. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS**

10. Plaintiff is a Cuban Hispanic woman within the class of protected individuals under the FCRA.

11. Plaintiff started working for Defendant on or about September 19, 2000, as a customer service representative, later on or about 2005, Plaintiff was promoted as a Store Manager.

12. Plaintiff worked for Defendant in the store # 1877 for seven (7) years and 8 (eight) months.

13. On or about 2008, Defendant started to complain about Plaintiff because Plaintiff would speak Spanish in the store.

14. On or about March 25, 2009, Defendant sent a notification signed by Human Resources Christie O'Halloran and Market Manager Linda Conforth. The notification said that: "*under NO circumstances should employees speak to each other in Spanish, even if they do not directly serving customers*".

15. On or about October 12, 2010, Plaintiff was waiting on the approval from the stern supervisor to hire an employee. Plaintiff was told to not hire more Hispanic people.

16. Paulette Lingenfelter Market Manager for the district of Cape Coral told Plaintiff that she would be terminated one day because she kept speaking Spanish.

17. Paulette Lingenfelter complained to her supervisor Lisa Baker (ROD) about Plaintiff speaking Spanish. Lisa Baker transferred Plaintiff out of the Cape Coral store, even though she lived there.

18. Furthermore, Plaintiff was not given a different permanent store, and was just sent to cover vacation times in other districts including the Immokalee store, Bell store and Fort Myers store.

19. Plaintiff worked at different stores and was eventually transferred to store #7408.

20. On or about 2016, Martin Johnson another Market Manager told Plaintiff that a customer had sent an email to the company saying that Plaintiff threw money at American people, and treated Hispanics very well. Plaintiff responded that there were cameras, videos and audios in the store to prove that those allegations were not true.

21. Plaintiff did not sign the write up because they were false allegations.

22. On or about 2017, store #7408 was sold, so Plaintiff asked Paulette Lingenfelter multiple time to work in the new store in Cape Coral, which was close to Plaintiff's home. However, Plaintiff was not given this opportunity for the simple fact of speaking in Spanish.

23. Plaintiff started working in the Naples store, and was forced to rent an apartment there, while still paying for her mortgage in her house, since Defendant refused to relocate Plaintiff exemplifying the harassment and discrimination.

24. Plaintiff kept asking to be relocated closer to her house and kept getting denied, despite Plaintiff having worked 20 years for Defendant, and despite Plaintiff being aware that manager transfers were common.

25. On or about April 23, 2019 at 5:00 pm, while working in Naples, Plaintiff's supervisor Jay Hanoc called Plaintiff in to his office to speak with Pauline Ybarra. While trying to explain her complaints Mr. Hanoc started banging his head against the wall because he said he could not stand listening to Plaintiff.

26. Plaintiff started to go to the doctor due to the constant stress. Plaintiff's doctor referred her to a psychologist to seek help.

27. On or about December 13, 2020, Plaintiff took time off for vacation. The vacation ended on February 13, 2021.

28. On or about February 19, 2021, Plaintiff had an appointment with Mrs. Dorothy (District Market Manager) of the Fort Lauderdale area. Mrs. Dorothy told Plaintiff that there was no permanent manager position for her.

29. Plaintiff complained, since she had been working 20 years for the company and wanted a permanent store.

30. On or about April 9, 2021, Mrs. Dorothy involved HR Clark Gryglewicz to offer Plaintiff to be Store Manager at the Sunrise location.

31. Plaintiff responded that she didn't feel comfortable working there, since the area is very dangerous and Defendant even hires private security at this location, however Plaintiff said that if HR Clark accepted for Plaintiff to work there under his discretion, then Plaintiff would accept.

32. HR Clarke told Plaintiff that they would look for a different store.

33. Meanwhile working Plaintiff kept covering shifts in different locations, including Jupiter location.

34. While covering a shift at the Jupiter location on or about March 10, 2021, Plaintiff requested two days off, since she had a colonoscopy the day before. Defendant denied Plaintiff's request.

35. Plaintiff kept feeling anxiety, stress, to the point where she couldn't sleep, so Plaintiff requested unpaid time off for medical treatment on or about April 9, 2021,

36. On or about May 25, 2021, Plaintiff was able to see her doctor. The doctor recommended treatment for anxiety and gave Plaintiff a 3-month permission to stay home.

37. Plaintiff informed Defendant through HR Clarke.

38. HR Clarke requeted medical documentation, which Plaintiff's doctor sent on two occasions, even copying Plaintiff on the email. However, Defendant claims they have not received anything.

**COUNT I- NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE FCRA**

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

40. Plaintiff is a member of a protected class under the FCRA.

41. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national-origin-based animosity.

42. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

43. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

44. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

45. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

46. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

47. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

48. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

49. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II- RACE DISCRIMINATION IN VIOLATION OF THE FCRA

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

51. Plaintiff is a member of a protected class under the FCRA.

52. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

53. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Hispanic.

54. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

55. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

56. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

57. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

58. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

59. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

  adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III- DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA**

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

62. Plaintiff is a member of a protected class under the FCRA.

63. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

64. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

65. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

66. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

67. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

68. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

69. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

70. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

71. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for

    mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated this __6__ day of July, 2021

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel. (305) 416-5000
E-Mail: agp@rgpattorneys.com
         mhorowitz@rgpattorneys.com

/s/ Anthony M. Georges-Pierre
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637
Max L. Horowitz, Esq.
Florida Bar Number: 118269